IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ANDREA LEIGH HUFFSTETLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BURKLE NORTH AMERICA, INC., | ) | Case Number: 4:19CV00041 |
| ROBERT BURKLE GmbH d/b/a | ) | |
| BURKLE PROCESS TECHNOLOGIES, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STILES MACHINERY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION
## TO DEFENDANT STILES MACHINERY, INC.

COMES NOW the Plaintiff, by counsel, and pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, gives notice that she will take the deposition of defendant Stiles Machinery, Inc. ("Stiles"), beginning at 10:00 a.m. on February 27, 2020, at the offices of MORAN REEVES CONN, 1211 East Cary Street, Richmond, VA 23219.  Stiles must designate one or more witnesses to testify as to all information known to or reasonably available to Stiles on the topics set out in Exhibit A attached hereto.  The deposition will be recorded by stenographic means, and may also be recorded via audiovisual means.

Respectfully submitted this 18ᵗʰ day of February, 2020.

ANDREA LEIGH HUFFSTETLER

By: _____
Of Counsel

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

29395/8001/9209094v1

Glenn W. Pulley (VSB No. 15677)
Amanda M. Morgan (VSB No. 70210)
Evans G. Edwards (VSB No. 79588)
Andrew D. Finnicum (VSB No. 80358)
GENTRY LOCKE
P.O. Box 6218
Lynchburg, VA 24505
Phone: (434) 455-9940
Fax: (434) 455-9941
> pulley@gentrylocke.com
> morgan@gentrylocke.com
> edwards@gentrylocke.com
> finnicum@gentrylocke.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of February, 2020, a true and correct copy of the

foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic

service to all counsel of record.

_____
Counsel

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

2

29395/8001/9209094v1

<u>Exhibit A to Rule 30(b)(6) Notice to Stiles Machinery, Inc. ("Stiles")</u>

**Definitions:**

A.       As used herein, the term "Machine" shall mean the Burkle Model RCG 09M1400 Glue Spreader and Extension Roller located at the premises of IKEA Industry Danville, LLC, 100 Swedwood Drive, Ringgold, VA (USA) 24586 on which Plaintiff worked and was injured on March 5, 2018.

B.       As used herein, the term "IKEA" shall mean the premises of IKEA Industry Danville, LLC, 100 Swedwood Drive, Ringgold, VA (USA) 24586 on which Plaintiff worked and was injured on March 5, 2018.

**Deposition Topics:**

1. The answers, defenses (affirmative or otherwise), and allegations made in Stiles' pleadings filed in this case.

2. Stiles' position as to the allegations of Plaintiff's Third Amended Complaint filed in Pittsylvania County (VA) Circuit Court and removed to the United States District Court for the Western District of Virginia.

3. The matters set out in Stiles' discovery responses.

4. The documents and tangible things produced by Stiles in the course of discovery.

5. The documents and tangible things produced by all other Defendants in the course of discovery.

6. The documents and tangible things (excluding medical records) produced by Plaintiff in the course of discovery.

7. All information known to or reasonably available to Stiles concerning assembly and/or installation of the Machine at IKEA (formerly Swedwood), including:

    a. The chain of custody of the Machine from its manufacture to its installation by Stiles at IKEA;

    b. The condition of the Machine upon delivery to IKEA for installation by Stiles;

    c. The condition of the Machine upon arrival of Stiles personnel at IKEA to install the Machine;

GENTRY LOCKE
Attorneys

ROANOKE, VIRGINIA

29395/8001/9209094v1

    d. All steps taken by Stiles and/or other personnel to complete assembly of the Machine, install it, commission it, test/troubleshoot it, and ensure that the Machine was functioning properly before Stiles personnel departed IKEA;

    e. All emergency stops, protective devices, protective covers, guards, safety hoods, and/or safety warning labels for the Machine;

    f. Any and all emergency stops, protective devices, protective covers, guards, and/or safety hoods which were incorporated onto the Machine as installed by Stiles, including, but not limited to, any such emergency stop or protective device which would have been accessible to Plaintiff at the location where her hair became entangled and her scalping injury ensued;

    g. The photographs of the Machine (STILES_HUFFSTETLER-00000569 to -00000577) taken on the date(s) Stiles installed the Machine;

    h. Delivery to IKEA and installation (and/or the failure to install) on the Machine the component/element K 121 472 identified in the Troax Invoice and Delivery Note (Bates #000222 and #000224-000225) as a Troax machine guard Smart Fix T30 (all of which defendant Robert Burkle GmbH d/b/a Burkle Process Technologies previously produced with its Initial Disclosures);

    i. Any and all Bill of Material, parts list, shipping list, and/or other shipping documents received, referred to and/or reviewed by Stiles in connection with the installation of the Machine at IKEA; and

    j. Any and all assembly drawings, assembly and installation instructions, and/or operating manuals or instructions for the Machine.

8. The facts and circumstances under which Stiles became involved in, and performed, the installation and commissioning of the Machine at IKEA (formerly Swedwood).

9. Communications with, and interactions between, Stiles and Burkle North America, Inc. and/or Robert Burkle GmbH d/b/a Burkle Process Technologies concerning installation and commissioning of the Machine, troubleshooting of the Machine post-installation, and service calls for the Machine post-installation.

10. Communications with, and interactions between, Stiles and IKEA (formerly Swedwood) concerning installation and commissioning of the Machine, troubleshooting of the Machine post-installation, and service calls for the Machine post-installation.

11. Stiles' post-installation troubleshooting of the Machine and/or service calls involving the Machine in any way.

12. Invoicing of and payment for Stiles' installation and commissioning of the Machine, post-installation troubleshooting on the Machine, and post-installation service calls involving the Machine in any way.

13. Any alleged removal, failure to replace, or modification of the Machine's protective devices, covers, and/or guards by any entity or person which Stiles contends contributed to Plaintiff's industrial accident.

14. Any and all protective fencing installed or to be installed to prevent access to the Machine or any portion thereof, including, but not limited to, the location where Plaintiff was standing when her hair became entangled and her scalping injury ensued.

15. The procedure for an operator of the Machine to check and ensure proper glue weight.

16. Stiles' allegations that Plaintiff caused or contributed to her industrial accident, including, but not limited to, the allegation that "Plaintiff knowingly accessed the non-operator side of the Machine inside the fencing where the shaft of the roller on a large industrial machine was exposed and rotating."

17. Stiles' allegations that IKEA caused or contributed to Plaintiff's industrial accident.

18. Stiles' allegations that Burkle North America, Inc. and/or Robert Burkle GmbH d/b/a Burkle Process Technologies caused or contributed to Plaintiff's industrial accident.

19. Stiles' Exclusive Distribution Agreement with Robert Burkle GmbH d/b/a Burkle Process Technologies dated December 10, 2010 through the termination of the Agreement effective December 10, 2016.

20. The total number of Burkle glue spreader and extension roller machines distributed, sold, assembled and/or installed under its Exclusive Distribution Agreement, including, but not limited to, the Burkle Model RCG 09M1400 Glue Spreader and Extension Roller.

21. The inclusion of component/element K 121 472 identified in the Troax Invoice and Delivery Note (Bates #000222 and #000224-000225) as a Troax machine guard Smart Fix T30 (all of which defendant Robert Burkle GmbH d/b/a Burkle Process Technologies previously produced with its Initial Disclosures), or any similar guard wall panel, on any Burkle glue spreader and extension roller machine distributed, sold, assembled and/or installed by Stiles under its Exclusive Distribution Agreement.

22. The inclusion of any and all emergency stops, protective devices, protective covers, guards, and/or safety hoods *other than those incorporated onto the Machine as installed by Stiles* on any Burkle glue spreader and extension roller machine distributed, sold, assembled and/or installed by Stiles under its Exclusive Distribution Agreement.

GENTRY LOCKE
Attorneys

ROANOKE, VIRGINIA

29395/8001/9209094v1