IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ANDREA LEIGH HUFFSTETLER | ) |
| Plaintiff, | ) |
| v. | ) |
| BURKLE NORTH AMERICA, INC., ROBERT BURKLE GmbH d/b/a BURKLE PROCESS TECHNOLOGIES, | ) Case Number: 4:19CV00041 |
| and | ) |
| STILES MACHINERY, INC., | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OF OSHA STANDARDS**

COMES NOW the Plaintiff, Andrea Leigh Huffstetler ("Plaintiff"), and in support of her Motion to Exclude Evidence of OSHA Standards, states as follows:

**INTRODUCTION**

This case arises from an industrial accident in which Plaintiff was seriously injured in the course of her employment with IKEA when her hair became entangled in a machine resulting in a degloving of Plaintiff's scalp from the base of her neck past her eyebrows. Defendants Burkle North America, Inc. ("Burkle NA"), Robert Burkle GmbH ("Burkle Germany"), and Stiles Machinery, Inc. ("Stiles") have disclosed their expert witness designations and reports. On the issue of liability, Burkle NA and Burkle Germany have disclosed Chris G. Harte, P.E., and Mark H. Nelson, P.E. of Rimkus Consulting Group, Inc. and Olga Pierrakos, Ph.D., of Wake Forest University. A copy of the Harte/Nelson Report is attached hereto as **Exhibit A**, and a copy of the Pierrakos Report is attached hereto as **Exhibit B**. Stiles has disclosed Brian Boggess, P.E. A copy

29395/8001/9484164v1

of the Boggess Report is attached hereto as **Exhibit C**.  Each of these liability experts base at least a portion of their opinions and conclusions on the Occupational Safety and Health Administration's ("OSHA") regulations, publications, and/or guidance ("OSHA Standards").

Mr. Boggess' Report includes a number of conclusions related to the acts and omissions of IKEA with respect to OSHA Standards.  "Pursuant to the OSH Act, IKEA was the employer and had the duty to establish and maintain a safe work environment. . . . Within the OSHA standards are numerous applicable standards, including Machinery and Machine Guarding (cross-referencing to ANSI and ASME standards) and Control of Hazardous Energy (Lockout/Tagout)."  Boggess Report at 52.   He then references the Virginia DOL investigation and citations issued to IKEA as a result of this incident.  Id.  He cites to OSHA regulations, describing various American National Standards Institute ("ANSI") standards as "within the OSHA standards".  Boggess Report at 52-60.  Mr. Boggess' conclusion that "IKEA failed to furnish Ms. Huffstetler a place of employment free from recognized hazards that are likely to cause death or serious harm" is based upon these OSHA Standards.  Boggess Report at 59.

Mr. Harte's Report and the opinions expressed therein rely upon alleged violations of OSHA Publication 3170, which is advisory and informational only.  Harte/Nelson Report at 2-3, 5, 10-11, 13.  Ms. Pierrakos also cites consideration of OSHA 1910.212 and OSHA1910.213 (along with ANSI standards) as applicable engineering standards.  Pierrakos Report at 2.  Both Mr. Harte and Ms. Pierrakos conclude, <u>inter alia</u>, that IKEA violated its duties to maintain a safe work environment for Plaintiff.  Harte/Nelson Report at 2-5, 7, 10-15; Pierrakos Report at 4, 6, 8-11.

Because OSHA Standards are applicable only to employers and this litigation is not (nor could it be) brought against Plaintiff's employer, they are not relevant and should be excluded from the evidence at trial.

## STANDARD

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Seko, No. 1:15cr301 (JCC), 2017 U.S. Dist. LEXIS 54595, at *2 (E.D. Va. Apr. 10, 2017). "A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). Trial courts have an important gate-keeping role, particularly in the admission of expert testimony. In Daubert v. Merrell Dow Pharms., Inc., 590 U.S. 579 (1993), the United States Supreme Court charged federal trial court judges with the important role of acting as gatekeepers to exclude unreliable or untrustworthy expert testimony. Id. at 589-90 ("the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."). The failure of a trial court to address an expert's testimony before it is presented to a jury, i.e. to abandon its role as a gate-keeper, is an abuse of discretion. Nease v. Ford Motor Co., 848 F.3d 219, 230-31 (4th Cir. 2017).

## ARGUMENT AND AUTHORITIES

A.   OSHA STANDARDS ARE NOT RELEVANT.

In actions by injured employees against manufacturers, installers or others in the chain of distribution of industrial machinery on which they were injured, OSHA Standards are simply not relevant. Smiley v. Econ. Forms Corp., No. 87-3723, 1988 U.S. App. LEXIS 20153 (4th Cir. May 12, 1988). "Because OSHA standards are applicable only to employers, they are irrelevant to the

liability of defendants, the manufacturer and lessor of the [equipment]." Id. at *4. See also Davis v. Hebden, Schilbe & Smith, 1995 U.S. App. LEXIS 9018 (4th Cir. April 20, 1995) ("OSHA regulations are not relevant to the liability of a manufacturer to an employee of an industrial accident.").

In Stowers v. 529900 Ont., Ltd., 2018 U.S. Dist. LEXIS 51283, *15, 2018 WL 1528215 (W.D. Va. March 28, 2018), involving an injured worker's claim against a product manufacturer, the Court rejected a preemption argument based upon OSHA Standards. In doing so, it noted, "the OSHA regulations do not apply to Defendant, the manufacturer, but rather to Georgia Pacific Corporation—Plaintiff's employer." Id.

The Court also considered the issue in Norris v. Excel Indus., 139 F. Supp. 3d 742, 748-49 (W.D. Va. 2015). In that case, the plaintiff's decedent was killed on the job when a lawnmower owned by his employer, a landscape company, overturned. In the suit against the manufacturer, the plaintiff attempted to avoid summary judgment by asserting that the manufacturer's duty of care was established by OSHA Standards. In rejecting that argument, the Court explained:

> Even more fundamental, however, is the fact that the OSHA standards apply to employers with respect to their relationship with their employees, not the relationship between a manufacturer and a consumer. The purpose of the OSHA standards is to ensure that an employer "furnish[es] to his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 C.F.R. § 1903.1; see also 29 U.S.C. § 651. "OSHA regulations are not relevant to the liability of a manufacturer to an employee of an industrial consumer." Davis v. Hebden, Schilbe & Smith, Inc., 52 F.3d 320, [published in full-text format at 1995 U.S. App. LEXIS 9018] 1995 WL 231841, at *1 (4th Cir. 1995) (unpublished) (citing Minichello v. U.S. Industries, Inc., 756 F.2d 26, 29 (6th Cir. 1985)). Thus, the OSHA standards cited by [plaintiff] have zero bearing in this case, where the plaintiff is a consumer and the defendant is a manufacturer. As such, the court is unable to find any applicable government standard and concludes that there is no evidence [manufacturer] failed to comply with any government standard in the design of the [mower].

Norris, 139 F. Supp. 3d at 748-49.

Just as in the foregoing cases, the present case involves issues of liability between an injured worker and the manufacturer and others in the chain of supply of an industrial product. As such, OSHA Standards, which impose duties on employers (and any other standards which impose duties only on employers), are not relevant. Because they are not relevant, they must be excluded along with any expert witness conclusions based upon them.

B.   OSHA PUBLICATION 3170 IS NOT MANDATORY.

Additionally, even if OSHA Standards were otherwise relevant to the issues presented by this case (which they are not), certain guidance documents are merely advisory. As noted above, Mr. Harte bases many of his conclusions on alleged violations of OSHA Publication 3170 "Safeguarding Equipment and Protecting Employees from Amputations" ("Publication 3170"), which is available at https://www.osha.gov/Publications/osha3170.pdf. However, Publication 3170 specifically states:

> This OSHA publication is not a standard or regulation, and it creates no new legal obligations. The publication is advisory in nature, informational in content, and is intended to assist employers in providing a safe and healthful workplace. The Occupational Safety and Health Act requires employers to comply with hazard-specific safety and health standards. In addition, pursuant to Section 5(a)(1), the General Duty Clause of the Act, employers must provide their employees with a workplace free from recognized hazards likely to cause death or serious physical harm. Employers can be cited for violating the General Duty Clause if there is a recognized hazard and they do not take reasonable steps to prevent or abate the hazard.

Publication 3170 at p. 2 (emphasis added). As such, the undersigned has not located any cases in which Publication 3170 is discussed much less recognized as relevant to litigation between an injured employee and the manufacturer, seller or supplier of a machine

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests the entry of an order excluding any testimony or other evidence, including expert opinion testimony, relating to OSHA Standards.

Respectfully submitted this 19th day of August, 2020.

ANDREA LEIGH HUFFSTETLER

By: */s/ Glenn W. Pulley*
       Counsel

Glenn W. Pulley (VSB No. 15677)
Amanda M. Morgan (VSB No. 70210)
Evans G. Edwards (VSB No. 79588)
Andrew D. Finnicum (VSB No. 80358)
Matthew W. Broughton (VSB No. 25226)
GENTRY LOCKE
P.O. Box 6218
Lynchburg, VA 24505
Phone: (434) 455-9940
Fax: (434) 455-9941
pulley@gentrylocke.com
morgan@gentrylocke.com
edwards@gentrylocke.com
finnicum@gentrylocke.com
broughton@gentrylocke.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2020, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Western District of Virginia using the CM/ECF system, which will send notification of such filing (NEF) to all CM/ECF registered attorneys on the NEF.

                                                                    */s/ Glenn W. Pulley*
                                                                            *Counsel*